IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SEAN M. DIVERS, | ) | 4:10CV3246 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| EAT OUT NOW, Inc, | ) | |
| | ) | |
| Defendant. | ) | |

      Plaintiff filed his Complaint in this matter on December 20, 2010. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 10.) Also pending are Plaintiff's Motion for Status (filing no. 8) and Motion to Appoint Counsel (filing no. 9). The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

### I.    SUMMARY OF COMPLAINT

      Plaintiff filed his Complaint on December 20, 2010, against his former employer Eat Out Now, Inc. (Filing No. 1 at CM/ECF p. 1.) Plaintiff is currently confined in the Omaha Correctional Center in Omaha, Nebraska. (*Id*. at CM/ECF p. 7; *see also* Docket Sheet.) Condensed and summarized, Plaintiff alleges Defendant fired him in violation of the Americans with Disabilities Act of 1990 ("ADA") and the Nebraska Fair Employment Practice Act because of his "disability." (*Id*. at CM/ECF pp. 3, 7) Plaintiff does not specify what his disability is nor does he request any relief. (*Id*. at CM/ECF pp. 1-6.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

As set forth in the ADA:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

2

42 U.S.C. § 12112(a). An employee seeking relief under the ADA must establish that: "he was a disabled person within the meaning of the ADA, that he was qualified to perform the essential functions of the job, and that he suffered an adverse employment action under circumstances giving rise to an inference of unlawful discrimination." *Kozisek v. County of Seward, Nebraska*, 539 F.3d 930, 934 (8th Cir. 2008). Further, a person is disabled within the meaning of the ADA only if he demonstrates that he has a physical or mental impairment which substantially limits one or more of his major life activities, that he has a record of such an impairment, or that he is regarded as having such an impairment. *Amir v. St. Louis University*, 184 F.3d 1017, 1027 (8th Cir. 1999). "Major life activities under the ADA are basic activities that the average person can perform with little or no difficulty, including 'caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.'" *Battle v. United Parcel Serv., Inc.*, 438 F.3d 856, 861 (8th Cir. 2006) (quoting 29 C.F.R. § 1630.2(i)).

Here, Plaintiff states that he has a disability, but he does not describe the disability. In other words, Plaintiff does not allege that he has a physical or mental impairment which substantially limits one or more of his major life activities, that he has a record of such an impairment, or that he is regarded as having such an impairment. In addition, he does not allege that he was qualified to perform the essential functions of his job.

In short, Plaintiff has failed to set forth sufficient facts for the court to reasonably conclude that Defendant is liable for the misconduct alleged. However, on the court's own motion, Plaintiff shall have 30 days to file an amended complaint that clearly alleges an ADA claim against Defendants. Any amended complaint shall restate the allegations of Plaintiff's current Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

## IV.  MOTION TO APPOINT COUNSEL

Also pending is Plaintiff's Motion to Appoint Counsel. (Filing No. 8.) The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). No such benefit is apparent here. Plaintiff's request for the appointment of counsel is therefore denied without prejudice.

IT IS THEREFORE ORDERED that:

1.  Plaintiff's Complaint (filing no. 1) fails to state a claim upon which relief may be granted. However, Plaintiff shall have until **April 19, 2011**, to amend his Complaint in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, Plaintiff's claims against Defendant will be dismissed without further notice.

2.  In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

3.  Plaintiff's Motion to Appoint Counsel (filing no. 9) is denied without prejudice to reassertion.

4.  Plaintiff's Motion for Status (filing no. 8) is denied as moot.

5.     The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: "Check for amended complaint on **April 19, 2011**."

6.     Plaintiff shall keep the court informed of his current address at all times while this case is pending.  **Failure to do so may result in dismissal without further notice.**

DATED this 23rd day of March, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.